Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| FERNANDO E. RIVERA VICENTE<br><br>Peticionario<br><br>v.<br><br>IVETTE M. ORTIZ TORRES<br><br>Recurrido | KLCE202401134 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso núm.: CG2022RF00546 (501)<br><br>Sobre: Custodia |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Rivera Torres y el Juez Salgado Schwarz

Sánchez Ramos Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 31 de octubre de 2024.

El Tribunal de Primera Instancia ("TPI"), siguiendo la recomendación de la Examinadora de Pensiones Alimentarias (la "Examinadora"), formulada luego de una vista evidenciaria, estableció una pensión alimentaria provisional de $87 mensuales, a pagarse por el padre de un menor de 12 años. Según se explica a continuación, hemos determinado, en el ejercicio de nuestra discreción, no intervenir con lo actuado por el TPI, en atención a la etapa del proceso y al hecho de que el peticionario no nos colocó en posición de concluir que el TPI haya cometido algún error que haya perjudicado sus derechos.

I.

El Sr. Fernando E. Rivera Vicente (el "Padre") y la Sa. Ivette M. Ortiz Torres (la "Madre") procrearon un hijo en septiembre de 2012 (el "Hijo"). Las partes se separaron en el 2021. En agosto

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron el correspondiente recurso anterior (KLCE202300618).

de 2022, el Padre presentó la acción de referencia (la "Demanda"), sobre custodia. La Madre contestó la Demanda y reconvino.

En octubre y noviembre de 2022, el TPI refirió el caso a la Examinadora para establecer una pensión alimentaria en beneficio del Hijo.[2]

Luego de varios trámites, el 16 de abril de 2024, se celebró una vista ante la Examinadora, en la cual declararon ambas partes. Sobre la base de la prueba oral y documental que tuvo ante sí, la Examinadora concluyó que el Padre devengaba un ingreso de $2,715.37 y la Madre $1,445.32. Recomendó una pensión alimentaria provisional de $87.35 a pagarse por el Padre en beneficio del Hijo, efectiva al 11 de octubre de 2022. Señaló vista final de fijación de pensión alimentaria para el 21 de octubre de 2024.

Mediante una Resolución notificada el 30 de agosto (la "Resolución"), el TPI acogió la recomendación de la Examinadora y, por tanto, le impuso una pensión alimentaria provisional al Padre, de $87.35, para beneficio del Hijo, efectiva al 11 de octubre de 2022. Se dispuso que el retroactivo de la deuda se atendería al "finalizar el proceso". También se dispuso que el Padre aportaría el 65.26% de los gastos médicos no cubiertos por el plan de salud y de los gastos extraordinarios.

El 16 de septiembre (lunes), el Padre solicitó la reconsideración de la Resolución, asunto que el TPI refirió a la Examinadora para una recomendación. Esta última recomendó que se denegara la referida moción; consignó que la "pensión alimentaria provisional se estableció luego de la evaluación de los testimonios de las partes, la apreciación sobre la credibilidad de los testigos y el valor probatorio que se le concedió a la prueba presentada y los documentos que obran en el expediente judicial".

---

[2] Véase *Minuta* del 4 de octubre de 2022 y *Orden* del 23 de noviembre de 2022, Sistema Unificado del Manejo y Administración de Casos (SUMAC), Entrada Núm. 33 y Núm. 41.

Mediante una Resolución notificada el 1 de octubre, el TPI denegó la moción de reconsideración del Padre

Inconforme, el 18 de octubre (el día laborable antes del día del señalamiento de la vista para fijar una pensión final), el Padre presentó el recurso que nos ocupa. Señala que la Examinadora: (i) omitió "deducciones mandatorias" en su hoja de trabajo; (ii) le imputó un ingreso más alto del que él hizo constar en su "PIPE" ($2,715.37 vs. $2,000.00); (iii) omitió formular determinaciones de hecho y conclusiones de derecho; (iv) debió asignarle solo el 49.78% de los gastos suplementarios; y (v) debió eximirlo de pagar pensión y, en vez, obligar a la Madre a pagarle a él una pensión de $1.14 mensual. Disponemos.

## II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 40, establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

III.

La Ley Núm. 5 de 30 de diciembre de 1986, conocida como la Ley Orgánica de la Administración para el Sustento de Menores, según enmendada, 8 LPRA sec. 501 *et seq.* (la "Ley 5"), persigue reglamentar lo relacionado con el modo de calcular el monto de una pensión alimentaria para un(a) menor de edad. *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 711-712 (2014); *De León Ramos v. Navarro Acevedo*, 195 DPR 157, 174 (2016).

Por lo general, la pensión alimentaria será fijada tomando en consideración lo dispuesto en la Ley 5, *supra*, y en las Guías mandatorias para computar las pensiones alimentarias en Puerto Rico (las "Guías Mandatorias").

Para establecer una pensión alimentaria de un hijo(a) menor de edad, se requiere determinar la capacidad económica de los padres. Primero, se debe calcular el ingreso bruto anual de la persona custodia y de la no custodia; luego, se procede a establecer el ingreso neto sobre el cuál se calculará la pensión. *Franco Resto v. Rivera Aponte*, 187 DPR 137, 150 (2012); *Fonseca Zayas v. Rodríguez Meléndez*, 180 DPR 623, 642-643 (2011).

Además, para determinar la capacidad económica de cada alimentante es preciso considerar todos los ingresos devengados por estos, incluidos, por supuesto, los que no aparezcan informados en la Planilla de Información Personal y Económica. *Argüello v. Argüello,* 155 DPR 62, 72 (2001); *Rodríguez Rosado v. Zayas Martínez,* 133 DPR 406, 412 (1993).

Los tribunales, antes de fijar la pensión alimentaria, también podrán considerar otros aspectos, tales como el estilo de vida que lleva el alimentante, su capacidad para generar ingresos, la naturaleza y la cantidad de propiedades con las que cuenta, la naturaleza de su empleo o profesión y otras fuentes de ingreso. *Santiago, Maisonet v. Maisonet Correa,* 187 DPR 550, 563-566 (2012); *Argüello,* 155 DPR a la pág. 73; *Chévere Mourino v. Levis Goldstein,* 152 DPR 492, 501 (2000). El tribunal, sobre la base de la prueba que se le someta, puede inferir que el alimentante cuenta con medios suficientes para cumplir con la obligación alimentaria que se le imponga. *Íd.*

No obstante, si un progenitor(a) alimentante admite que posee medios suficientes para cubrir su obligación de proveer alimentos a sus hijos(as) menores, se prescinde del trámite provisto en la ley. *Pesquera Fuentes v. Colón Molina,* 202 DPR 93, 110 (2019). Es decir, en estos casos, no se deberá emplear el mecanismo de descubrimiento de prueba para precisar la situación económica del o de la alimentante. *Íd.* Una vez el (o la) alimentante acepta que posee medios suficientes para cumplir con sus obligaciones alimentarias, lo único que resta por hacer es determinar la suma justa y razonable de pensión alimentaria en atención a las necesidades del (o de la) alimentista. *Íd.*, pág. 111; *Chévere v. Levis,* 150 DPR 525, 544 (2000).

IV.

En el ejercicio de nuestra discreción, y evaluados los factores de la Regla 40, *supra*, declinamos la invitación del Padre a intervenir con la determinación recurrida. Como cuestión de umbral, resaltamos que el TPI tiene todavía pendiente fijar una pensión final. En atención a ello, y ante la insustancialidad de los planteamientos del Padre, no es necesario ni aconsejable que intervengamos en esta etapa del proceso.

En cualquier caso, la realidad es que el Padre no nos colocó en posición de atender su principal planteamiento. Adviértase que la Examinadora fijó el ingreso del Padre sobre la base de prueba oral, y el Padre no hizo gestión alguna para reproducir dicha prueba. Como cuestión de derecho, según arriba expuesto, el TPI no estaba obligado por la cuantía de ingresos que el Padre haya informado en su PIPE.

En cuanto a las deducciones que el Padre indica la Examinadora debió incluir, el problema con esta teoría es que el Padre omite de su análisis que la Examinadora tampoco incluyó deducciones en cuanto al ingreso de la Madre. Por tanto, es errado todo el análisis del Padre sobre la cuantía que debió establecerse como pensión provisional.

Los otros errores señalados por el Padre, aun partiendo de la premisa de que se hubiesen cometido (sin resolverlo, por resultar innecesario), no justificarían nuestra intervención, pues no son perjudiciales en este contexto. Por ejemplo, los derechos del Padre no se afectan por el hecho de que el TPI, antes de resolver la moción de reconsideración, le haya solicitado una recomendación al respecto a la Examinadora. Tampoco el Padre explica exactamente qué determinaciones de hecho habría omitido la Examinadora ni cómo estas podrían haber afectado la determinación del TPI. Igualmente, tampoco intenta explicar el Padre la pertinencia, en esta

etapa, de que el Informe de la Examinadora inicialmente no se divulgara. Adviértase que el mismo fue divulgado el 30 de agosto, mismo día en que se notificó la Resolución, lo cual le permitió al Padre preparar y presentar una moción de reconsideración en el término reglamentario contemplado (y luego presentar el recurso que nos ocupa).

V.

Por los fundamentos antes expuestos, se deniega la expedición del auto de *certiorari* solicitado.

Se declara con lugar la *Moción de Relevo de Representación Legal* presentada el 22 de octubre de 2024 por el Lcdo. Joshua Cruz Ramos, por lo cual, desde hoy y en lo sucesivo, la Secretaria del Tribunal deberá incluir en las notificaciones al Sr. Fernando E. Rivera Vicente, a la dirección provista por su abogado en la referida moción.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones